UNITED STATES DISTRICT COURT
DISTRICT COURT OF CONNECTICUT

------------------------------------------------------------------------X

KRISTEN DINEEN and JOHN TEDONE, on behalf of
themselves and all others similarly situated,

        Plaintiffs,

        -against-

MAINE FISH MARKET RESTAURANT, INC. d/b/a
MAINE FISH MARKET and NICHOLAS VAMVILIS,

        Defendants.

------------------------------------------------------------------------X

Civ. Action No.:
15 Civ. 1554 (WIG)

**[PROPOSED] ORDER GRANTING MOTIONS FOR FINAL APPROVAL OF CLASS SETTLEMENT, CERTIFICATION OF THE SETTLEMENT CLASS, APPROVAL OF FLSA SETTLEMENT, APPROVAL OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, APPROVAL OF SERVICE PAYMENT TO NAMED PLAINTIFFS, AND DISMISSAL OF THIS ACTION WITH PREJUDICE**

The above-entitled matters came before the Court on two motions submitted simultaneously: (1) the Parties' Joint Motion for Final Approval of Class Settlement, Certification of the Settlement Class, Approval of FLSA Settlement and Dismissal of this Action with Prejudice (ECF No. 55); and (2) Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees, Reimbursement of Expenses, and Approval of Service Payment to Named Plaintiffs (ECF No. 58).

    1.    Based upon the Court's review of the Memorandum of Law in Support of the Joint Motion for Final Approval of Class Action Settlement (ECF No. 56), the Memorandum of Law in Support of Plaintiffs' Motion for Approval of Attorneys' Fees, Reimbursement of Expenses, and Approval of Service Payments to the Named Plaintiffs (ECF No. 59), and the Declaration of Louis Pechman, Esq. ("Pechman Decl."), along with all of the exhibits attached thereto (ECF No. 60), the Court grants final approval of the settlement memorialized in the Settlement Agreement and General Release ("Settlement Agreement") between Named Plaintiffs Kristen Dineen and John Tedone

("Plaintiffs") and Defendants Maine Fish Market Restaurant Inc. d/b/a Maine Fish Market ("Maine Fish Market") and Nicholas Vamvilis (collectively "Defendants"), attached to the Pechman Decl. as Exhibit 1, and "so orders" all of its terms.

2. The Court finds that the Settlement Agreement was the result of extensive, arms' length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions. The assistance of the Court in mediating a settlement reinforces that the Settlement Agreement is non-collusive.

3. For settlement purposes only, the Court certifies the following class under Fed. R. Civ. P. 23(e) ("Settlement Class"):

> All persons employed as a server, bartender and/or full-time kitchen worker by Maine Fish Market at any time between October 26, 2012 and June 30, 2016.

4. For settlement purposes only, the Court finds that Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

5. The action is dismissed on the merits and with prejudice, permanently barring the Plaintiffs and all other Class Members who have not opted out from filing, commencing, prosecuting, or pursuing the claims released by the Settlement Agreement, whether or not on a class or collective action basis, or participating in any class or collective action involving such claims.

6. Class Counsel's request for attorneys' fees and reimbursement of litigation costs and expenses in this action is approved.

7. The service award for the Named Plaintiffs Kristen Dineen and John Tedone ("Plaintiffs") as set forth in Section 3.2 of the Settlement Agreement, is approved to reimburse them for their services in initiating and maintaining this litigation.

2

8. The Court awards the Claims Administrator its reasonable costs in administering the settlement, which amount to $12,721.80, to be paid out of the Settlement Fund.

9. The entire lawsuit is dismissed with prejudice and without costs to any party. All Class Members are barred and permanently enjoined from participating in any other individual or class lawsuit against the releasees concerning the released claims.

10. The Parties are ordered to carry out the Settlement as provided in this Order.

11. This Court shall retain jurisdiction over the Parties to this Settlement Agreement for the purpose of enforcing this Settlement Agreement.

12. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

It is so ORDERED this 14th day of November, 2016.

_____
Honorable William I. Garfinkel, U.S.M.J